# United States District Court
## Eastern District of Tennessee

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>JENNIFER KAY FLANAGAN | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987)<br><br>Case Number:     3:07-CR-27-02<br><br>Aubrey L. Davis<br>Defendant's Attorney |

**THE DEFENDANT:**

[✓]     pleaded guilty to count(s): one and three of the Indictment
[ ]     pleaded nolo contendere to count(s) ___ which was accepted by the court.
[ ]     was found guilty on count(s) ___ after a plea of not guilty.

**ACCORDINGLY,** the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:13 and 18:2 | Aiding and Abetting Burglary of a Vehicle in violation of T.C.A 39-14-402(a)(4) | March 9, 2007 | 1 and 3 |

       The defendant is sentenced as provided in pages 2 through 5 of this judgment and the Statement of Reasons. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. §3553.

[ ]     The defendant has been found not guilty on count(s) ___.

[ ]     Count(s) two and four of the Indictment    [ ] is   [✓] are   dismissed on the motion of the United States.

       IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and the United States attorney of any material change in the defendant's economic circumstances.

August 23, 2007
Date of Imposition of Judgment

s/ Thomas W. Phillips
Signature of Judicial Officer

THOMAS W. PHILLIPS, United States District Judge
Name & Title of Judicial Officer

August 23, 2007
Date

DEFENDANT:         JENNIFER KAY FLANAGAN
CASE NUMBER:    3:07-CR-27-02

# PROBATION

The defendant is hereby placed on probation for a term of    Three (3)  years    .

This term consists of **Three Years** as to each of Counts One and Three, to be served concurrently.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance.  The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

[ ]    The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check, if applicable.)

[✓]    The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.  (Check, if applicable.)

[✓]    The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]    The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer.  (Check, if applicable.)

[ ]    The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of probation that the defendant pay any such fine or restitution in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).  The defendant shall also comply with the additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: JENNIFER KAY FLANAGAN
CASE NUMBER: 3:07-CR-27-02

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall pay any financial penalty that is imposed by this judgment and that remains unpaid at the commencement of the term of probation.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not incur new credit charges on existing accounts or apply for additional lines of credit without permission of the probation officer until the $1,476.34 has been paid in full. In addition, the defendant shall not enter into any contractual agreements which obligate funds without the permission of the probation officer.

4. The defendant shall participate in a program of testing and/or treatment for drug and/or alcohol abuse, as directed by the probation officer, until such time as the defendant is released from the program by the probation officer.

5. The defendant shall perform 150 hours of community service as directed by the probation officer.

DEFENDANT: JENNIFER KAY FLANAGAN
CASE NUMBER: 3:07-CR-27-02

# CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 6. The assessment is ordered in accordance with 18 U.S.C. § 3013.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 200.00 | $ | $1,476.34 |

[ ]   The determination of restitution is deferred until _. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✓]   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, if the United States is a victim, all other victims, if any, shall receive full restitution before the United States receives any restitution, and all restitution shall be paid to the victims before any restitution is paid to a provider of compensation, pursuant to 18 U.S.C. §3664.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Troy Davis | $ 343.93 | $ 343.93 | |
| Ian Alexander | $1,132.41 | $1,132.41 | |
| TOTALS: | $ 1,476.34 | $ 1,476.34 | |

[ ]   If applicable, restitution amount ordered pursuant to plea agreement $ _

The defendant shall pay interest on any fine or restitution of more than $2500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. §3612(g).

[✓]   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    [✓]  The interest requirement is waived for the    [ ] fine and/or    [✓] restitution.

    [ ]  The interest requirement for the    [ ] fine and/or    [ ] restitution is modified as follows:

---

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

EDTN   Judgment in a Criminal Case (Rev. 3/04)
    Sheet 6 — Schedule of Payments

Judgment — Page 5 of 5

DEFENDANT:        JENNIFER KAY FLANAGAN
CASE NUMBER:      3:07-CR-27-02

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A   [✓]   Lump sum payment of $ 1,676.34  due immediately, balance due

        [ ] not later than  , or
        [ ] in accordance with [ ] C, [ ] D, or [ ] E or [ ] F below; or

B   [ ]   Payment to begin immediately (may be combined with [ ] C, [ ] D, or [ ] F below); or

C   [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D   [ ]   Payment in ___ (e.g., equal, weekly, monthly, quarterly) installments of $ _ over a period of _ (e.g., months or years), to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   [ ]   Payment during the term of supervised release will commence within 1  (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   [✓]   Special instructions regarding the payment of criminal monetary penalties:

**Except that no further payment shall be required after the sum of the amounts actually paid by all the defendants has fully covered all the compensable injuries. Any payment made by the defendant shall be divided among the persons named in proportion to their compensable injuries.**

**The government may enforce the full amount of restitution ordered at any time, pursuant to Title 18 U.S.C. § 3612, 3613 and 3664(m).**

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. Unless otherwise directed by the court, the probation officer, or the United States attorney, all criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, shall be made to **U.S. District Court, 800 Market St., Suite 130, Knoxville, TN 37902**  . Payments shall be in the form of a check or a money order, made payable to U.S. District Court, with a notation of the case number including defendant number.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[✓]   Joint and Several

    Defendant Name, Case Number, and Joint and Several Amount:

    **Joseph Mark Eaton, 3:07-CR-27-003, $1,476.34**
    **Joshua Michael Flanagan, 3:07-CR-27-001, $1,476.34**

[ ]   The defendant shall pay the cost of prosecution.

[ ]   The defendant shall pay the following court cost(s):

[ ]   The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.